E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-04340-S1**
**8/3/2022 3:34 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALEXIS WHITE, | * | |
| | * | CIVIL ACTION FILE NO.: |
| Plaintiff, | * | 22-C-04340-S1 |
| | * | |
| vs. | * | |
| | * | |
| PAT SALMON & SONS, INC. and | * | JURY TRIAL DEMAND |
| JOHN DOE. | * | |
| | * | |
| Defendant. | | |

## COMPLAINT FOR TORT DAMAGES

COMES NOW, ALEXIS WHITE, Plaintiff in the above-styled Civil Action, and files this, his Complaint against the Defendants, PAT SALMON & SONS, INC. (hereinafter referred to as "Defendant Pat Salmon & Sons, Inc.") and JOHN DOE ("Defendant Doe") and for cause shows the following:

### PARTIES AND JURISDICTION

1.

Plaintiff Alexis White is a citizen and resident of the State of Georgia.

2.

The incident from which this action arises occurred on or about September 20, 2020, on I-285 Expressway in Cobb County, Georgia.

3.

Defendant Pat Salmon & Sons, Inc. is a foreign, for profit corporation that was created under the laws of the State of Arkansas. Defendant Pat Salmon & Sons, Inc.'s principle place of

business is 4600 E. McCain Blvd, Little Rock, Arkansas 72117. Pat Salmon & Sons, Inc. may be served through its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

4.

Defendant John Doe is the unknown driver of the vehicle owned by Pat Salmon & Sons, Inc. and subject to the jurisdiction and venue pursuant to O.C.G.A. 33-7-11 (d) (1).

5.

Defendants are subject to the jurisdiction and venue of this court.

## STATEMENT OF FACTS

6.

Plaintiff hereby repleads and reincorporates his allegations contained in Paragraphs 1 through 5 above as if alleged herein.

7.

By virtue of the facts hereinafter alleged, Defendants have injured and damaged Plaintiff in amounts to be proven by Plaintiff and determined by this Court.

8.

On or about September 19, 2020 at or around 6:53 pm Plaintiff was driving south on I-285 approaching S. Cobb Drive in Cobb County, GA.

9.

Plaintiff was operating a 2018 Ford F-150.

10.

Plaintiff was exercising due care and was operating his vehicle safely at all times leading up to and during the subject collision.

11.

At the same time, Defendant Doe was travelling south on I-285 approaching S. Cobb Drive.

12.

Defendant Doe improperly changed lanes on I-285.

13.

Defendant Doe was being inattentive and left the scene of the accident.

14.

Plaintiff's vehicle was forced into the emergency lane upon impact.

15.

As a result of subject-collision, Plaintiff suffered damages including bodily injuries.

16.

To date, Plaintiff has incurred medical expenses for the treatment of injuries suffered from the collision including **$14,542.55** and such other amount to be proven at hearing or trial before this Court as detailed here:

| | | |
|---|---|---|
| Wellstar Atlanta Medical Center | $ | 2,323.00 |
| South Fulton ER Physicians | $ | 935.00 |
| Quantum Radiology | $ | 135.00 |
| I-20 Chiropractic | $ | 2,660.00 |
| Polaris Spine & Neurosurgery Center | $ | 2,604.55 |
| Elite Radiology of GA | $ | 3,900.00 |

American Health Imaging                                           $      1,985.00

17.

To date, Plaintiff has suffered damages in the form of mileage to seek treatment of injuries suffered due to the subject-collision in amounts to be proven at hearing or trial before this Court.

18.

To date, Plaintiff has suffered damages in the form of pain and suffering in such amounts as to be proven at hearing or trial before this Court.

## COUNT I – NEGLIGENCE

19.

Plaintiff hereby repleads and reincorporates his allegations contained in Paragraphs 1 through 18 above as if alleged herein.

20.

On the date and time of the subject-collision, Defendant owed Plaintiff a duty of care to operate his vehicle safely on I-285 Expressway.

21.

Defendant breached the duty of care that he owed to Plaintiff.

22.

Defendant breached his duty of care in the following ways:

a. In failing to keep a proper lookout in the direction he was traveling;
b. In failing to have the vehicle he was operating under control at the time and place in question;
c. In being inattentive; and

d. In failing to maintain his lane in the direction of travel.

These breaches of the duty of care owed to Plaintiff constitute actionable negligence.

23.

The proximate cause of the injuries and damages suffered by Plaintiff is the negligent operation of his motor vehicle by Defendant.

## COUNT II-VICARIOUS LIABILITY OF DEFENDANT PAT SALMON & SONS, INC.

24.

Plaintiff hereby repleads and reincorporates the allegations contained in Paragraphs 1 through 23 above as if alleged herein.

25.

At the time the subject incident occurred, Defendant John Doe was employed by and/or acting as an agent of Pat Salmon & Sons, Inc.

26.

Defendant Pat Salmon & Sons, Inc. is responsible for the actions of Defendant John Doe through the doctrine of *respondeat superior*, as Defendant John Doe was acting within the scope of his employment at the time the subject incident occurred.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION AND ENTRUSTMENT BY PAT SALMON & SONS, INC.

27.

Plaintiff hereby repleads and reincorporates the allegations contained in Paragraphs 1 through 26 above as if alleged herein.

28.

Defendant Pat Salmon & Sons, Inc. was negligent in hiring Defendant John Doe and

entrusting him to drive the vehicle in question.

29.

Defendant Pat Salmon & Sons, Inc. was negligent in failing to properly train Defendant John Doe to drive the vehicle in question.

30.

Defendant Pat Salmon & Sons, Inc. was negligent in failing to properly supervise Defendant John Doe.

31.

Defendant Pat Salmon & Sons, Inc.'s negligence in hiring Defendant John Doe, entrusting him with the vehicle in question, failing to train him, and failing to supervise him properly was the proximate cause of the collision and the injuries suffered by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, Alexis White, respectfully demands that judgment be entered in his favor against the Defendants and that Plaintiff receive an award of damages in a fair and reasonable amount to include all damages recoverable at law including:

a. Provide a trial by jury;

b. That process be issued and that service be had on the Defendant;

c. Find the Defendant John Doe was negligent and negligent *per se*;

d. Find that the Defendant John Doe's actions were the proximate cause of Plaintiff's damages;

e. Find that Pat Salmon & Sons, Inc. was vicariously liable for the negligence of John Doe;

f.  Find that Pat Salmon & Sons, Inc. was negligent in hiring, training, supervising and entrusting John Doe to drive the truck in question;

g.  Find that Pat Salmon & Sons, Inc. was the proximate cause of Plaintiff's injuries;

h.  Award Plaintiff damages including cost of medical treatment of injuries, mileage, lost wages, and pain and suffering incurred by Plaintiff in an amount to be proven before this Court at a hearing or trial; and

Award any other relief as the Court may deem just and proper in the circumstances

Respectfully submitted this 3rd day of August, 2022.

DURHAM LAW GROUP P.C.,

By: /s/ Dantel D. Ruiz
Dantel D. Ruiz, Esq.
Georgia Bar No. 605576
Anthony R. Jones, II, Esq.
Georgia Bar No. 562715
Bryce V. Durham
Georgia Bar No. 101054
*Attorneys for Plaintiff*

191 Peachtree Street NE
Suite 805
Atlanta, GA 30303
Tel: 404-845-3434
Fax: 404-419-7838
druiz@durhamlawgrouppc.com
ajones@durhamlawgrouppc.com